NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0472n.06
Filed: July 2, 2007

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 06-3784

| | | |
|---|---|---|
| SURENDRA RAMJIT, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| ERNIE MOORE, Warden of Lebanon Correctional | ) | COURT FOR THE NORTHERN |
| Institution, | ) | DISTRICT OF OHIO |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |

_____

BEFORE: GILMAN, GIBBONS and GRIFFIN, Circuit Judges.

PER CURIAM.

Clifford Beller was found shot to death behind the steering wheel of his Jeep in a Cleveland, Ohio, park early one morning in January 1999. The State charged that petitioner Surendra Ramjit and co-defendant Bobby Johnson (who was tried separately) lured Beller to a Cleveland Metroparks parking lot, where Ramjit fired three gunshots into the back of Beller's head.[1] An Ohio state jury

---

[1] The Ohio Court of Appeals' decision disposing of Ramjit's direct appeal described the events and personal associations leading to Clifford Beller's death and Ramjit's indictment for his murder. We presume that a state trial court's factual findings are correct unless the habeas petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "The presumption of correctness also applies to factual findings made by a state appellate court based on the trial record." *Matthews v. Ishee*, No. 06-3451, – F.3d –, 2007 WL 1296732, at *6 (6th Cir. May 4, 2007) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)). Ramjit has not attempted to

–1–

convicted petitioner of aggravated murder in violation of OHIO REV. CODE ANN. § 2903.01 (1998),

with a firearm specification. Ramjit exhausted his state judicial remedies to no avail.[2]

Ramjit filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United

States District Court for the Northern District of Ohio, contending that his conviction should be set

aside because, *inter alia*, (1) the state court violated Ramjit's Sixth Amendment right of

confrontation by admitting an alleged accomplice's out-of-court statements without affording Ramjit

the opportunity for cross-examination, (2) he suffered ineffective assistance of counsel at trial, in part

because of trial counsel's failure to object to the Confrontation Clause violation, and because of trial

---

rebut the presumption, so we join the district court (slip op. at 4 n.2) in treating the Ohio Court of Appeals' version of events as correct and complete. We do not recite that account here, because it is not material to the purely legal issues addressed by the district court in granting the petition.

[2]Ramjit timely appealed his conviction to the Ohio Court of Appeals for the Eighth District, raising nine assignments of error, and in February 2001, the Ohio Court of Appeals affirmed his conviction. Ramjit timely sought review in the Ohio Supreme Court, and in June 2001, the Ohio Supreme Court denied leave to appeal, holding that the appeal did not involve any substantial constitutional question. Ramjit filed a motion to reopen the appeal, which the Ohio Court of Appeals denied, and the Ohio Supreme Court denied review. Ramjit filed a motion for reconsideration, which the Ohio Supreme Court denied. *See State of Ohio v. Ramjit*, No. 77337, 2001 WL 128081 (Ohio App. 8th Dist. Feb. 15, 2001), *app. not allowed*, 749 N.E.2d 756, *recon. denied*, 755 N.E.2d 357 (Ohio 2001).

In May 2001, Ramjit applied to reopen his direct appeal with the Ohio Court of Appeals, contending that his appellate counsel had been ineffective by failing to raise a claim of ineffective assistance of *trial* counsel. In October 2001, the Ohio Court of Appeals denied Ramjit's motion to reopen; Ramjit timely sought review in the Ohio Supreme Court, and in February 2002, the Ohio Supreme Court denied leave to appeal. *See State of Ohio v. Ramjit*, No. 77337, 2001 1399849 (Ohio App. 8th Dist. Oct. 31, 2001) (denying motion to reopen appeal), *app. not allowed*, 762 N.E.2d 371 (Ohio 2002).

counsel's failure to object to the fact that the court dismissed a regular juror on the last day of deliberations without giving a supplemental instruction to the jury, and (3) he suffered ineffective assistance of counsel on direct appeal. The district court referred Ramjit's petition to a United States Magistrate Judge for a report and recommendation.

Thereafter, the district court granted the writ of habeas corpus, holding that the state court violated Ramjit's Sixth Amendment right of confrontation by admitting accomplice Johnson's out-of-court statements to police without affording Ramjit the opportunity to cross-examine him about those statements. The district court determined that the Confrontation Clause violation was exacerbated by the prosecution's examination of Johnson, who asserted his Fifth Amendment right not to testify.

The district court also held that habeas relief was required because trial counsel rendered ineffective assistance by failing to object to the Confrontation Clause violation, and by failing to object to the district court's failure to instruct the jury to begin deliberations anew after a regular juror was replaced by an alternate. In light of that disposition, the district court properly declined to consider Ramjit's claims of ineffective assistance of *appellate* counsel and actual innocence.

Respondent Ernie Moore, the warden of the state prison, timely filed a notice of appeal with this court. Having reviewed the parties' briefs and the applicable law, we conclude that a panel opinion further addressing the issues raised would serve no jurisprudential purpose. We affirm for the reasons stated by the district court. Furthermore, we hold that the confrontation right error was not harmless, *Fry v. Pliler*, – U.S. –, 127 S. Ct. 2321 (2007); *Brecht v. Abrahamson*, 507 U.S. 619,

Case No. 06-3784
*Ramjit v. Moore*


637 (1993), and respondent waived this issue due to his failure to object on this ground to the

magistrate judge's report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United*

*States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).

      Affirmed.